**UNITED STATES of America,
Appellee,**

v.

**Jose ALMONTE, Jr., aka Jose
Almonte, Defendant,**

**Adalberto Garcia, aka Chico,
Defendant–Appellant.**

**No. 00–1408.**

United States Court of Appeals,
Second Circuit.

Feb. 20, 2001.

Marjorie M. Smith, Tappan, NY, for appellant.

Greg D. Andres, Assistant United States Attorney; Peter A. Norling, Assistant United States Attorney, on the brief, for Loretta E. Lynch, United States Attorney, Eastern District of New York, New York, NY, for appellees.

Present JON O. NEWMAN, LEVAL and SACK, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

■ Defendant Adalberto Garcia, who was convicted after a jury trial of conspiracy and substantive offenses related to illegal redemption of food stamps in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2024, appeals from a sentence of 27 months' imprisonment. The defendant contends that the district court erred in applying the fraud loss table of U.S.S.G. § 2F1.1(b)(1). Relying on Application Note 8(d), which provides that in cases involving diversion of government program benefits, loss is the value of the benefits diverted from intended recipients or uses, Garcia argues that there was no diversion of benefits from intended recipients or uses because, he contends, the improperly redeemed food stamps were acquired from unauthorized merchants who sold eligible food in return for food stamps and then transferred their stamps to Garcia. We reject this contention. The evidence supported the inference that the food stamps redeemed by the defendant were acquired through the sale by Garcia or his brother of unauthorized items, including beer and soda. The defendant made no showing to the contrary.

■ Defendant also argues that the court erred in relying on the defendant's estimated food sales, as set forth in a food stamp application by the defendant's bodega, as the basis for estimating the amount of the defendant's proper intake of stamps. We do not agree. Application Note 9 for U.S.S.G. § 2F1.1 specifically provides that "the loss need not be determined with precision" and that the court "need only make a reasonable estimate of the loss, given the available information." In the absence of better evidence, the bodega's estimate, based on many years' experience, was a reasonable basis on which to estimate the volume of the bodega's legitimate intake of food stamps. Furthermore, the defendant failed to offer any more reliable way of measuring the volume of the properly negotiated stamps.

We also reject the defendant's contention that the district court improperly attributed to him his brother's sale of stamps. The evidence showed that the brothers had a conspiratorial relationship.

Finally, defendant contends the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prohibited the judge from increasing the defendant's offense level under the loss table in U.S.S.G. § 2F1.1(b)(1). We discuss the *Apprendi* issue separately, in a published opinion. *See United States v. Garcia*, 240 F.3d 180 (2d Cir.2001).

We affirm the conviction.